# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
## MOBILE DIVISION

| | |
|---|---|
| William Crawford, <br><br> Plaintiff, <br><br> vs. <br><br> Jefferson Capital Systems, LLC, <br><br> Defendant. | Case No.: <br><br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMAND** |

NOW COMES THE PLAINTIFF, WILLIAM CRAWFORD, THROUGH COUNSEL, J. DANNY HACKNEY, ESQ., and for his Complaint against the Defendant, pleads as follows:

## **JURISDICTION**

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

## **VENUE**

2. The transactions and occurrences which give rise to this action occurred in the City of Mobile, Mobile County, Alabama.

3. Venue is proper in the Southern District of Alabama, Mobile Division.

## PARTIES

4. Plaintiff is a natural person residing in City of Mobile, Mobile County, Alabama.

5. The Defendant to this lawsuit is Jefferson Capital Systems LLC ("Defendant") which is a foreign corporation that conducts business in the State of Alabama.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff to Verizon Wireless in the amount of $2,451.50. (the "alleged Debt").

7. Plaintiff disputes the alleged Debt.

8. On or about February 25, 2022, Plaintiff received a correspondence from Defendant attempting to collect the alleged Debt. In its correspondence, Defendant states the statute of limitations to sue on the alleged Debt has expired.

9. On or about April 16, 2022, Plaintiff received another correspondence from Defendant attempting to collect the alleged Debt. In the correspondence, Defendant offered several settlement options to settle the alleged Debt. Defendant reiterated in this correspondence that the statute of limitations to sue on the alleged Debt has expired.

10. On or about May 10, 2022, Plaintiff, through Credit Repair Lawyers of America, sent Defendant a cease-and-desist notice.

11. On May 16, 2022, Plaintiff received confirmation that the United States Postal Service successfully delivered the cease-and-desist notice to Defendant.

12. On May 21, 2022, Defendant sent Plaintiff another correspondence attempting to collect the alleged Debt. Despite receiving Plaintiff's cease-and-desist notice Defendant continued to harass Plaintiff in violation of the FDCPA. Furthermore, Defendant continued to contact Plaintiff after receiving notice that Plaintiff is represented by an attorney, in violation of the FDCPA.

13. Plaintiff suffered pecuniary and emotional damages as a result of Defendant's actions. Plaintiff experienced stress, shock, agitation, anger, frustration, embarrassment, and humiliation due along with pain.

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

14. Plaintiff reincorporates the preceding allegations by reference.

15. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debt on behalf of other individuals or entities.

16. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue, in this case, is a consumer debt.

17. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

18. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

    a. 15 U.S.C. §1692c by contacting Plaintiff after receiving Plaintiff's cease-and-desist notice. Furthermore, Defendant contacted Plaintiff after receiving notice that Plaintiff is represented by an attorney.

    b. 15 U.S.C. §1692e by using unfair and deceptive practices to collect the alleged Debt by ignoring Plaintiff's cease-and-desist notice and continuing to harass Plaintiff.

19. Plaintiff has suffered harm and damages at the hands of the Defendant has this harm was one that was specifically identified and intended to by protected against on behalf of a consumer, such as the Plaintiff, by Congress.

20. Defendant's failure to honor Plaintiff's cease-and-desist notice has caused Plaintiff great stress and irritation.

21. To date, and as a direct and proximate cause of the Defendant's failure to honor its statutory obligations under the FDCPA, Plaintiff has suffered emotionally and physically.

22. Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

### DEMAND FOR JUDGMENT RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the Defendant:

a. Actual damages;

b. Statutory damages; and

c. Statutory costs and attorneys' fees.

### JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: August 2, 2022

By: */s/ J. Danny Hackney*
J. Danny Hackney
P.O. Box 1491
Alabaster, AL 35007
Telephone: (205) 542-2500
E-mail: jdannyhackney@gmail.com

*Attorneys for Plaintiff,*
*William Crawford*